```
        IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF TEXAS
                   DALLAS DIVISION

ESTHER BARRON,                  §
                                §
            Plaintiff,          §
                                §
VS.                             §  Civil Action No. 3:10-CV-1636-D
                                §
SANJAY PATEL, et al.,           §
                                §
            Defendants.         §
```

MEMORANDUM OPINION
AND ORDER

Defendants' motion to dismiss plaintiff's action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, presents the question whether plaintiff's status *vel non* as defendants' employee affects the court's subject matter jurisdiction. Concluding that it does not, the court denies the motion.

I

Plaintiff Esther Barron ("Barron") sues defendants Sanjay and Anisha Patel (the "Patels") to recover under the FLSA. The Patels own the Tourist Court Motel, where Barron stayed. Unable to pay her rent, Barron began to do housekeeping work for the Patels at the Motel. She agreed to perform these tasks in exchange for lodging and a small weekly stipend. Barron later filed this lawsuit alleging that the Patels failed to pay her minimum wage and to pay time-and-one-half for overtime.

The Patels move to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), contending that the

court lacks jurisdiction because Barron lacks standing since she was not their "employee" under the FLSA. The Patels maintain that Barron worked as an independent contractor, performing housekeeping work at the Motel for her own benefit. In support of their motion, they attach a handwritten document stating the terms of their agreement with Barron, and also providing that "this is a contract labor only." Ds. App. 1. The Patels maintain that the case should be dismissed because there is no other basis for the court to exercise subject matter jurisdiction.

Barron responds that the court has federal question jurisdiction because her action arises under the FLSA, a federal statute. She posits that the Patels' argument that she is not an employee under the FLSA relates to the merits of her claim rather than to the court's jurisdiction.

II

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n,* 138 F.3d 144, 151 (5th Cir. 1998). "It is incumbent on all federal courts to dismiss an action whenever it appears that subject matter jurisdiction is lacking." *Id.* Nevertheless, "[w]hen Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character." *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 516 (2006).

"'[J]urisdiction under the federal question statute is not defeated by the possibility that the averments, upon close examination, might be determined not to state a cause of action.'" *EEOC v. Service Temps*, 2010 WL 5108733, at *2 (N.D. Tex. Dec. 9, 2010) (Fitzwater, C.J.) (quoting *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1316-17 (7th Cir. 1997)). For example, an employer's argument that it does not satisfy the employee-numerosity requirements of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, relates to a substantive element of its ADA claim, not a jurisdictional limitation. *Id*. The source of this court's subject matter jurisdiction in the present case does not turn on whether Barron satisfies the statutory definition of an "employee" but on whether her well-pleaded complaint asserts a federal-question cause of action. *See, e.g., Trugreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 619 (N.D. Tex. 2007) (Fitzwater, J.) ("Ordinarily, the well-pleaded complaint rule governs federal question jurisdiction."). Because Barron's well-pleaded complaint asserts a claim under the FLSA, she has invoked this court's federal question jurisdiction, and the Patels' motion to dismiss lacks merit. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

\* \* \*

For the reasons explained, the Patels' October 21, 2010 motion to dismiss for lack of subject matter jurisdiction is denied.

**SO ORDERED.**

February 16, 2011.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE