IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ESTHER BARRON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:10-CV-1636-D |
| VS. | § | |
| | § | |
| SANJAY PATEL, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

In this action to recover under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*., the court grants plaintiff Esther Barron's ("Barron's") July 10, 2012 motion for sanctions. Accordingly, defendants' pleadings are stricken, and a default judgment is entered against defendants.[1]

Barron sues defendants Sanjay and Anisha Patel (the "Patels") to recover under the FLSA. The Patels owned the Tourist Court Motel, where Barron stayed. Unable to pay her rent, Barron began to do housekeeping work for the Patels at the motel. She agreed to perform these tasks in exchange for lodging and a small weekly stipend. Barron later filed this lawsuit alleging that the Patels failed to pay her minimum wage and to pay time-and-one-half for overtime.

On June 4, 2012 the magistrate judge granted Barron's motion to compel and ordered the Patels to answer interrogatories and produce documents no later than June 25, 2012. In his order,

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

the magistrate judge warned the Patels that their failure to comply with the order and any further discovery obligations could result in the imposition of sanctions, including an order striking their pleadings or parts thereof and rendering an interlocutory default judgment against them.

On July 10, 2012 Barron filed the instant motion for sanctions, in which she contends that the Patels have not complied with the magistrate judge's order.[2] The Patels have not responded to Barron's motion or demonstrated that they have complied with the magistrate judge's order.[3] The order warned the Patels that their failure to comply with the order could result in the imposition of sanctions, including an order striking their pleadings or parts thereof and rendering an interlocutory default judgment against them. They still did not comply. Accordingly, the court grants Barron's motion for sanctions, strikes the Patels' pleadings, and enters a default judgment against them.

Because the Patels have made an appearance in this case, they are entitled to notice of the hearing at which the court considers the relief to be entered against them (they cannot challenge their liability to Barron).[4] Accordingly, the court directs Barron's counsel to obtain a hearing date by

---

[2]Barron contends that, in response to the magistrate judge's order, the Patels only provided unsigned tax returns for 2009 and 2010, and did not provide sworn answers to the interrogatories or any other documents responsive to her request for production.

[3]On July 23, 2012, after the court vacated the trial setting due to the pendency of Barron's motion for sanctions, the Patels filed a pleading indicating that they were not available for trial between July 24, 2012 and August 15, 2012 and requesting that they be notified after that date. They did not, however, respond to Barron's motion and demonstrate that they had complied with the magistrate judge's order.

[4]Rule 55(b)(2) provides that when a defendant has made an appearance, the court is empowered to enter a default judgment, and the defaulting party shall be served with written notice of the application for judgment at least 7 days before the hearing on the application. The Fifth Circuit recognizes "a relatively low threshold for making an appearance for purposes of Rule 55(b)(2)'s [7]-day notice requirement." *United States v. McCoy*, 954 F.2d 1000, 1003 (5th Cir. 1992) (per curiam) (referring for former 3-day notice period). It is only necessary "that the party against whom the default judgment is sought indicate in some way an intent to pursue a defense." *Id.* The concept of appearance includes pleadings stricken for noncompliance with the Rules. *See*

contacting the court and to serve the Patels with notice of the hearing at least 7 days before the hearing is held.

**SO ORDERED**.

August 2, 2012

                                            _____
                                            SIDNEY A. FITZWATER
                                            CHIEF JUDGE

---

*Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 277 (5th Cir. 1989).