IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ESTHER BARRON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:10-CV-1636-D |
| VS. | § | |
| | § | |
| SANJAY PATEL, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

Two defendants—originally represented by counsel, then *pro se*, and now represented again by counsel—move for relief from a default judgment entered following an evidentiary hearing on damages that the court conducted after it struck their responsive pleadings as a discovery sanction. For the reasons that follow, the court conditionally grants defendants a new hearing on damages, and it otherwise denies defendants' motion.

I

This is an action by plaintiff Esther Barron ("Barron") against defendants Sanjay and Anisha Patel (the "Patels") under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*[1] In a prior memorandum opinion and order, the court granted Barron's motion for sanctions, striking the Patels' pleadings and entering a default judgment against them as a

---

[1]The court assumes the parties' familiarity with the background facts and procedural history discussed in prior opinions of this case. *See, e.g., Barron v. Patel*, 2011 WL 690183 (N.D. Tex. Feb. 16, 2011) (Fitzwater, C.J.). The court will add the procedural history that is pertinent to today's decision.

discovery sanction.  *See Barron v. Patel*, No. 3:10-CV-1636-D, slip op. at 1-2 (N.D. Tex. Aug. 2, 2012) (Fitzwater, C.J.) ("*Barron I*").  Because the Patels had entered appearances, the court held that they were entitled to notice of the hearing at which the court considered the relief to be entered against them.  *Id.* at 2.  The court later set an evidentiary hearing at which Barron and the Patels (then proceeding *pro se*) appeared.  Following the hearing, the court entered judgment in favor of Barron, and the clerk of court entered the judgment on September 10, 2012.  On October 5, 2012 the Patels filed the instant motion to set aside entry of default and default judgment and motion to stay execution of default judgment.

This lawsuit began in August 2010, when Barron sued the Patels under the FLSA, alleging that they failed to pay her minimum wage and overtime of time-and-one-half for housekeeping work she performed at the Patels' motel, the Tourist Court Motel.  In November 2010 the parties announced that the case had settled, but less than one month later, the court was advised that the settlement was unsuccessful.  At the outset of litigation, the Patels were represented by counsel.  But in April 2011 their counsel withdrew, and they proceeded *pro se* through the remainder of the case, until they filed their motion for post-judgment relief.

During pretrial discovery, the Patels responded to Barron's request for admissions, but they provided inadequate answers and produced no documents in response to her interrogatories and requests for production.  *See* June 4, 2012 Order [1] (Kaplan, J.) (describing that Patels merely answered, "Not true" to all 19 requests for production and 20 out of 21 interrogatories).  The magistrate judge compelled the Patels to "provide *full and*

*complete answers* to the interrogatories and produce *all documents* specified in the request

for production by June 25, 2012." *Id.* at [1]-[2] (emphasis in original).  Important to the

court's decision today, the magistrate judge explicitly warned the Patels that their failure to

comply could result in sanctions, including an order striking their pleadings and rendering

default judgment against them:

> Defendants are warned that their failure to comply with this
> order or any further discovery obligations may result in the
> imposition of sanctions, including an order striking their
> pleadings or parts thereof and rendering an interlocutory default
> judgment against them.  *See* Fed. R. Civ. P. 37(b)(2)(A)(iii) &
> (vi).

*Id.* at [2].

Despite this warning, the Patels produced only two documents—unsigned tax returns

for 2009 and 2010—and did not answer the interrogatories.  *See Barron I*, slip op. at 2 n.2.

In July 2012 Barron moved for sanctions, requesting that the court strike the Patels' answer

and render default judgment.  The Patels did not respond to Barron's motion to demonstrate

that they had complied with the magistrate judge's order.  *See id.* at 2.[2]  Because the Patels

did not comply with the discovery order despite the magistrate judge's explicit warning that

noncompliance could result in striking their pleadings and entering a default judgment

against them, the court granted Barron's motion for sanctions, granting precisely the relief

---

[2]On July 23, 2012, after the court vacated the trial setting due to the pendency of
Barron's motion for sanctions, the Patels filed a document indicating that they were not
available for trial between July 24, 2012 and August 15, 2012 and requesting that they be
notified after that date.  They did not, however, respond to Barron's motion and demonstrate
that they had complied with the magistrate judge's order.  *See Barron I*, slip op. at 2 n.3.

- 3 -

of which the magistrate judge had explicitly warned.

The court then held an evidentiary hearing to determine the relief to which Barron was entitled. The Patels were notified of the hearing, and they attended. Barron testified that she began working for the Patels on December 31, 2006 and did so until August 2010. She testified that, during this period, she worked 12 hours per day. The Patels presented argument, but they offered no testimony or other evidence to rebut Barron's testimony. Barron's counsel calculated the unpaid minimum wages and overtime pay based on Barron's unrebutted testimony that she worked 12 hours per day, each day of the week, for 3 years (i.e., 156 weeks).[3] Based on the testimony and the computation presented by Barron's counsel, the court entered judgment for Barron in the sum of $112,086.00 for unpaid minimum wage and overtime, an equal amount in liquidated damages, post-judgment interest, and costs. *See* Sept. 7, 2012 Judgment.[4]

The Patels, now represented again by counsel, move to set aside the entry of default and default judgment pursuant to Fed. R. Civ. P. 55(c), 60(b)(4), and 60(b)(6). They also move to stay the execution of default judgment pending final resolution of this matter. Alternatively, if the default judgment is not vacated, they move to reduce the judgment amount. Barron opposes the motion, except to the extent she agrees to a reduction in the

---

[3]Although Barron testified that she worked longer than three years, this recovery was limited to three years under the FLSA's statute of limitations for willful violations. *See* 29 U.S.C. § 255(a).

[4]Although the judgment was filed on September 7, 2012, it was entered on the docket by the clerk of court on September 10, 2012.

amount of the judgment because it does not account for the lower minimum wage applicable from 2007 to 2009.[5]

## II

The Patels move to set aside the default judgment, or, alternatively, to reduce the judgment amount, under Rule 60(b)(4) and 60(b)(6).[6]  The court will also treat the motion as a Rule 59(e) motion to alter or amend the judgment because it was filed within 28 days after the default judgment was entered on the docket.  *See, e.g., United States v. One 1988 Dodge Pickup*, 959 F.2d 37, 40 (5th Cir. 1992) ("[A]ny motion to amend a judgment served within [28] days after the entry of judgment, except for a proper Rule 60(a) motion to correct purely clerical errors, is to be considered a Rule 59(e) motion." (quoting *Willie v. Cont'l*, 784 F.2d 706, 707 (5th Cir. 1986) (en banc))).

Under Rule 59(e), the court can alter or amend the judgment if there is "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice." *Arrieta v. Local 745 of Int'l Bhd. of Teamsters*, 445 Fed. Appx. 760, 762 (5th Cir. 2011) (per

---

[5]At the evidentiary hearing, Barron's counsel applied the 2010 minimum wage for the entire three-year period instead of accounting for the lower minimum wage that applied from 2007 to July 24, 2009.

[6]The Patels also move to set aside an entry of default under Rule 55(c), but there was no entry of default.  The court's memorandum opinion and order striking the Patels' responsive pleadings and entering a default judgment made it unnecessary for Barron to obtain the clerical entry of default before the court entered a default judgment. *See Barron I*, slip op. at 2. Therefore, Rule 55(c)'s "good cause" standard for setting aside an entry of default is inapposite.

curiam) (quoting *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002)).

Rule 60(b)(4), which provides that a void judgment is a ground for relief from a final

judgment, "applies only in the rare instance where a judgment is premised either on a certain

type of jurisdictional error or on a violation of due process that deprives a party of notice or

the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, ___ U.S. ___, 130

S. Ct. 1367, 1377 (2010); *see also Callon Petroleum Co. v. Frontier Ins. Co.*, 351 F.3d 204,

208 (5th Cir. 2003).

Under Rule 60(b)(6), the court can set aside a judgment for "any other reason that

justifies relief." But relief under this "catch-all" provision is available "'only if extraordinary

circumstances are present.'" *Evenson v. Sprint/United Mgmt. Co.*, 2011 WL 3702627, at *4

(N.D. Tex. Aug. 23, 2011) (Fitzwater, C.J.) (quoting *Hess v. Cockrell*, 281 F.3d 212, 216

(5th Cir. 2002)).

## III

The court first addresses the Patels' motion to set aside the default judgment on the

ground that the sanction was excessive.

## A

The court has broad discretion under Rule 37(b) to fashion an appropriate sanction

for a failure to obey a discovery order. *See Smith & Fuller, P.A. v. Cooper Tire & Rubber*

*Co.*, 685 F.3d 486, 488 (5th Cir. 2012). The court's discretion to award default judgment as

a discovery sanction is limited to when the penalized party's discovery violation was willful,

and a lesser sanction would not substantially achieve the desired deterrent effect. *See United*

*States v. $49,000 Currency*, 330 F.3d 371, 376 (5th Cir. 2003) (citations omitted).  The court "may also consider whether the discovery violation prejudiced the opposing party's preparation for trial, and whether the client was blameless in the violation."  *Id.* (citation omitted).

B

The court holds that the discovery sanction imposed here was not excessive.  In response to Barron's interrogatories and requests for production, the Patels originally did not produce any documents and merely gave inadequate answers of "Not True."  Even after the magistrate judge explicitly warned them of the need to comply, the Patels only produced two documents and did not answer the interrogatories.  The Patels now maintain that, after receiving the magistrate judge's order, Sanjay Patel discussed the discovery requests with the assistant to Barron's counsel, who gave him the impression that he only needed to produce tax returns for 2009 and 2010.  This assertion does not outweigh the strong evidence that the Patels willfully decided not to comply with the discovery order.  The magistrate judge's order clearly explained to the Patels that they must "provide *full and complete answers* to the interrogatories and produce *all documents* specified in the request for production."  June 4, 2012 Order [1]-[2] (emphasis in original).  Moreover, any misimpression that this limited production was adequate was dispelled once Barron moved for sanctions based on the Patels' noncompliance.  Yet even after Barron moved for sanctions, the Patels did not respond to the motion or take any steps to demonstrate their willingness to comply with the magistrate judge's order.

In light of this willful noncompliance, the explicit warning from the magistrate judge, and the Patels' failure even to respond to the motion for sanctions, the sanctions imposed were permitted under Rule 37(b) and the law of this circuit, and are not excessive. Accordingly, the Patels are not entitled under Rule 59(e), 60(b)(4), or 60(b)(6) to relief in the form of setting aside the order striking their pleadings and entering a default judgment.

IV

The Patels also seek to set aside the default judgment on grounds that Barron did not satisfy her burden of pleading and proving coverage under the FLSA and that the judgment award exceeded the amount demanded in the pleadings.

A

Because the court has upheld its decision in *Barron I* to strike the Patels' responsive pleadings, Barron's pleadings are accepted as true, and the Patels' liability under the FLSA is established. *See Barron I*, slip op. at 2 (stating that the Patels are entitled to notice of hearing on amount of relief, but "cannot challenge their liability to Barron"). Therefore, the Patels' arguments that Barron did not satisfy her pleading and proof burdens under the FLSA lack force.[7] And the Patels' challenge under Rule 60(b)(4) fails because the applicability of the FLSA is not an issue of jurisdiction. *See Barron v. Patel*, 2011 WL 690183, at *1 (N.D.

---

[7]The Patels also contend that Barron's counsel misrepresented the applicability of the FLSA and Barron's term of employment and hours worked. The Patels cannot challenge the FLSA's applicability because their responsive pleadings have been stricken. Their challenges to whether Barron worked the hours claimed can be presented at the new hearing permitted by today's decision.

Tex. Feb. 16, 2011) (Fitzwater, C.J.) (holding that court has jurisdiction here, and explaining that "[t]he source of this court's subject matter jurisdiction in the present case does not turn on whether Barron satisfies the statutory definition of an 'employee' but on whether her well-pleaded complaint asserts a federal-question cause of action").

## B

The Patels also maintain that the judgment is void under Rule 60(b)(4) because the judgment amount was excessive. The default judgment awarded Barron compensation for work completed between August 2007 and August 2010, although Barron's complaint only alleged that she had worked "since January 1, 2010." *See* Compl. ¶ 6. The Patels maintain that compensating Barron for work completed before January 1, 2010 violates Rule 54(c)'s requirement that "[a] default judgment must not differ in kind from, or *exceed in amount*, what is demanded in the pleadings." Rule 54(c) (emphasis added). The Patels' argument is incorrect in the context of this case.

Although a default judgment that exceeds Rule 54(c)'s limitations can constitute a violation of due process and thus be void under Rule 60(b)(4),[8] when defendants against whom a default judgment is being entered have notice of the hearing on relief, appear at the hearing, and can oppose the award, a judgment that exceeds Rule 54(c)'s limitations does not violate due process. *See In re Dierschke*, 975 F.2d 181, 185 (5th Cir. 1992) (holding that no

---

[8]*See, e.g., Compton v. Alton S.S. Co.*, 608 F.2d 96, 104-05 (4th Cir. 1979); *Grace v. Bank Leumi Trust Co. of N.Y.*, 443 F.3d 180, 193-94 (2d Cir. 2006); *In re Lee*, 2012 WL 4512931, at *9 (M.D. Fla. Sept. 30, 2012).

due process violation occurred when default judgment included attorney's fees, which pleadings had not requested, because defendants had notice, appeared, and opposed the award). The Patels received notice of the hearing on damages, appeared at the hearing, and heard Barron testify that she began working as a housekeeper on December 31, 2006. The Patels then presented argument in response, but did not introduce any evidence to rebut Barron's testimony. The damages awarded Barron did not violate due process, and the judgment is not void under Rule 60(b)(4).

V

Although the court holds that the sanction of striking the Patels' pleadings was warranted and that there is no justification for relief under any provision of Rule 60(b), the court concludes for the following reasons that the judgment should be conditionally set aside and a new hearing conducted on the amount of the relief to which Barron is entitled.

A

Under Rule 59(e), the court can alter or amend the judgment to prevent manifest injustice. It appears unjust to require the Patels to pay Barron the full amount determined at the hearing. Barron has already admitted one error in the judgment award—the minimum wage rate used to calculate her compensation. And the Patels' motion indicates that there is evidence that Barron did not, in fact, begin working on December 31, 2006 or work 12 hours each and every day until August 2010. The Patels appeared at the evidentiary hearing *pro se* and did not effectively oppose Barron's evidence. They presented only argument, apparently unaware of the need to present rebuttal evidence or even to cross-examine Barron

- 10 -

as a witness.   Therefore, to prevent manifest injustice as to the amount of the default judgment against the Patels, the court in its discretion under Rule 59(e) will conditionally set aside the default judgment.

B

To ensure fairness to Barron, and so as not to create an incentive for *pro se* litigants like the Patels to wait to retain counsel until after the entry of an unfavorable default judgment, the court will impose conditions that the Patels must meet *before* the court vacates the judgment and convenes a new evidentiary hearing.   The court has authority to impose conditions to alleviate harm to the nonmovant.   *See generally Gayden v. Galveston Cnty., Tex.*, 178 F.R.D. 134, 138-39 (S.D. Tex. 1998) (conditioning grant of motion to amend judgment on paying fine to court and defendants' costs and attorney's fees); *Nicoladze v. Lawler*, 86 B.R. 69, 73 (N.D. Tex. 1988) (Fitzwater, J.) ("The court concludes that it is appropriate, as a condition for granting appellant's motion for leave to amend, that the court award appellee his reasonable attorney's fees and costs[.]"); *see also Radiant Tech. Corp. v. Electrovert USA Corp.*, 122 F.R.D. 201, 202 (N.D. Tex. 1988) (Fitzwater, J.) (explaining, in context of plaintiff's voluntary dismissal under Rule 41(a)(2), that "[a]llowing the court to attach conditions to the order of dismissal prevents defendants from being unfairly affected" (quoting *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976))).

To address the prejudice to Barron from vacating the judgment, the court orders that the Patels must pay Barron the reasonable attorney's fees and attorney's expenses incurred by her counsel in preparing for and appearing at the September 7, 2012 evidentiary hearing

and in responding to defendant's October 5, 2012 motion to set aside entry of default and default judgment and motion to stay execution of default judgment. Payment in full must be made and acknowledged before the judgment is vacated. If the parties can agree on the amount, the court will vacate the judgment once it has been advised that the Patels have paid the amount in full to Barron's counsel. If the parties cannot agree on the amount, Barron's counsel must notify the court, and the court will set a schedule for submitting materials on reasonable attorney's fees and attorney's expenses. Once the court decides the amount of the award, it will vacate the judgment once it has been advised that the Patels have paid the amount in full to Barron's counsel.

* * *

Defendants' October 5, 2012 motion to set aside entry of default and default judgment and motion to stay execution of default judgment is granted to the extent that the court conditionally grants defendants a new hearing on damages, and the motion is otherwise

denied.[9]

**SO ORDERED.**

January 23, 2013.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE

---

[9]In view of this decision, the court assumes that Barron will not attempt to execute on the judgment and that the court need not rule on the Patels' motion to stay execution of default judgment.

Additionally, the court denies without prejudice Barron's September 20, 2012 motion and September 25, 2012 amended motion for attorney's fees. Her request for attorney's fees may be affected by the additional proceedings in this case and by the revised relief awarded in the amended judgment.